

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff

        v.

TYLER ROBERT BUCHANAN,

        Defendant.

Case No. 2:24-mj-03081-DUTY



PROSECUTOR'S AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION OF

TYLER ROBERT BUCHANAN

I, Sue J. Bai, being duly sworn, declare and state as follows:

1.    I am a citizen of the United States, working in Los Angeles, California. Since 2017, I have been an attorney licensed to practice law in the State of California.  From 2016 to the present, I have been employed by the United States Attorney's Office for the Central District of California as an Assistant United States Attorney.  My duties include the investigation and prosecution of persons charged with violations of the criminal laws of the United States.  Based on my training and experience, I am familiar with the criminal laws and procedures of the United States.

2.    In the course of my duties as an Assistant United States Attorney, I have become familiar with the evidence and the charges against Tyler Robert Buchanan (hereinafter, "BUCHANAN").  This

affidavit is submitted in support of a request by the United States for the extradition of BUCHANAN.

## THE APPLICABLE LAW AND CHARGES

3.    On 25 May 2024, United States Magistrate Judge Margo Rocconi, sitting in the Central District of California, issued a five-count criminal complaint, No. 2:24-mj-03081-DUTY, charging BUCHANAN with (i) Count One – wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349; (ii) Count Two – conspiracy to obtain information by computer for private financial gain and to access computer to defraud and obtain value, in violation of Title 18, United States Code, Sections 371, 1030(a)(2)(C), (c)(2)(B)(i), and 1030(a)(4); (iii) Counts Three and Four – wire fraud in violation of Title 18, United States Code, Section 1343; and (iv) Count Five – aggravated identity theft in violation of Title 18, United States Code, Section 1028A. A complaint is a charging document that alleges violations of the criminal laws of the United States. A certified copy of the complaint is attached to this affidavit as **Exhibit A.** Under United States law, in order for a complaint to issue, a United States Magistrate Judge must review a sworn statement of a law enforcement officer regarding the essential facts concerning the offense charged—in this case, a sworn statement of Federal Bureau of Investigation Special Agent Jeremy Durk—and determine whether there is probable cause to believe that a crime has been committed and that the defendant committed the crime.

4.    After a criminal complaint is filed, the court, if requested, will typically issue a warrant for the arrest of the accused person. In this case, on 25 May 2024, Magistrate Judge Rocconi issued a warrant for BUCHANAN's arrest. A certified copy of

that warrant is attached hereto as **Exhibit B.** This arrest warrant remains valid and executable to bring BUCHANAN before the Court to stand trial.

5. If BUCHANAN's extradition to the United States is granted, another charging document, called an indictment, will be sought from a federal grand jury sitting in the Central District of California, unless BUCHANAN waives indictment. If BUCHANAN waives indictment, the United States Attorney for the Central District of California will issue a charging document called an information. The indictment or information, which would supersede the criminal complaint, would only include the offenses as alleged in the criminal complaint and as set forth above.

6. The federal statutes, or portions of the same that are pertinent to this case, are attached to this affidavit as **Exhibit C.** A violation of any of these statutes constitutes a felony under the laws of the United States, meaning a violation is punishable by an excess of one year in prison. Each of these statutes was a duly enacted law of the United States at the time that the offenses were committed and the complaint was filed, and they remain in full force and effect.

7. I have also included, as part of **Exhibit C,** the true and accurate texts of Title 18, United States Code, Section 3282, the statute of limitations for the offenses charged in the complaint. Under Section 3282, a defendant must be formally charged within five years of the date on which the offense or offenses were committed, unless circumstances exist under which the statute of limitations is suspended pursuant to United States law.

1      8.    I have reviewed the applicable statute of limitations for

2  the charges against BUCHANAN.  Counts One through Five charge

3  offenses that occurred beginning no later than June 2022 and

4  continuing through at least December 2022.  So long as the indictment

5  is filed before June 2027, BUCHANAN will have been formally charged

6  within the prescribed time period for all of the counts in the

7  complaint.  Prosecution of the charges set forth in Counts One

8  through Five is therefore not barred by the statutes of limitation.

9      9.    Count One charges BUCHANAN with wire fraud conspiracy, in

10  violation of Title 18, United States Code, Section 1349.  Count Two

11  charges BUCHANAN with conspiracy to obtain information by computer

12  for private financial gain and to access computer to defraud and

13  obtain value, in violation of Title 18, United States Code, Sections

14  371, 1030(a)(2)(C), (c)(2)(B)(i), and 1030(a)(4).

15      10.  Under United States law, a conspiracy is an agreement of

16  two or more persons to commit one or more crimes.  The crime of

17  conspiracy is the agreement to do something unlawful; it does not

18  matter whether the crime agreed upon was committed.  For a conspiracy

19  to have existed, it is not necessary that the conspirators made a

20  formal agreement or that they agreed on every detail of the

21  conspiracy.  One becomes a member of a conspiracy by willfully

22  participating in the unlawful plan with the intent to advance or

23  further some object or purpose of the conspiracy, even though the

24  person does not have full knowledge of all the details of the

25  conspiracy.  Furthermore, one who willfully joins an existing

26  conspiracy is as responsible for it as the originators.  A

27  conspirator can be held criminally responsible for all reasonably

28

1  foreseeable actions undertaken by other conspirators within the
2  course and the scope of the conspiracy.

3      11.   The crime of conspiracy is an independent offense, separate
4  and distinct from the commission of any specific "substantive
5  offense."  Consequently, a conspirator can be found guilty of the
6  crime of conspiracy to commit an offense, even where the underlying
7  substantive offense that was the purpose of the conspiracy is not
8  completed.

9      12.   Count One of the complaint charges BUCHANAN with wire fraud
10  conspiracy in violation of Title 18, United States Code, Section
11  1349.  To satisfy its burden of proof and convict BUCHANAN on Count
12  One of the complaint, the Government must establish beyond a
13  reasonable doubt each of the following essential elements: (i) the
14  existence of the conspiracy charged, that is, an agreement between
15  two or more persons to commit wire fraud; and (ii) BUCHANAN became a
16  member of the conspiracy, knowing that the purpose of the agreement
17  was to commit wire fraud and intending to help accomplish it.

18     13.   The essential elements of the object, the crime of wire
19  fraud, in violation of Title 18, United States Code, Section 1343 are
20  as follows: (i) knowingly participate in, devise, or intend to devise
21  a scheme or plan to defraud for the purpose of obtaining money or
22  property by means of false or fraudulent pretenses, representations,
23  or promises; (ii) statements made as part of the scheme were material
24  (that is, they had a natural tendency to influence, or were capable
25  of influencing, a person to part with money or property); (iii) act
26  with the intent to defraud (that is, the intent to deceive and
27  cheat); and (iv) use, or caused to be used, an interstate or foreign

28

1  wire communication to carry out or attempt to carry out an essential
2  part of the scheme.

3      14.  The maximum penalty for wire fraud conspiracy charged in
4  Count One of the complaint is 20 years' imprisonment, 3 years of
5  supervised release, and a monetary fine of $250,000, or twice the
6  gross gain or gross loss of the offense.  The court also must impose
7  a $100 special assessment.

8      15.  Count Two of the complaint charges BUCHANAN with conspiracy
9  to commit offenses or to defraud the United States, in violation of
10  Title 18, United States Code, Sections 371.  The two objects, or
11  criminal purposes, of this conspiracy charged in the complaint are:
12  (i) to obtain information by computer for private financial gain in
13  violation of Title 18, United States Code, Sections 1030(a)(2)(C),
14  (c)(2)(B)(i) ("computer intrusion"), and (ii) to access a computer to
15  defraud and obtain value, in violation of Title 18, United States
16  Code, Section 1030(a)(4) ("computer fraud") (collectively, "objects
17  of the conspiracy" or "objects").  To satisfy its burden of proof and
18  convict BUCHANAN on Count Two of the complaint, the Government must
19  establish beyond a reasonable doubt each of the following essential
20  elements: (i) the existence of the conspiracy charged, that is, an
21  agreement between two or more persons to commit at least one of the
22  objects of the conspiracy; (ii) BUCHANAN became a member of the
23  conspiracy, knowing that the purpose of the agreement was to commit
24  at least one of the objects, and intending to help accomplish it; and
25  (iii) BUCHANAN or any other member of the conspiracy knowingly
26  performed at least one overt act for the purpose of carrying out the
27  conspiracy during the life of the conspiracy.

28

6

1      16.   The essential elements of the first object of the

2 conspiracy, the crime of computer intrusion in violation of Title 18,

3 United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i), are as

4 follows: (i) intentionally access a computer; (ii) without

5 authorization; (iii) thereby obtain information; (iv) from a

6 protected computer; and (v) for private financial gain.

7      17.   The essential elements of the second object of the

8 conspiracy, the crime of computer fraud in violation of Title 18,

9 United States Code, Section 1030(a)(4), are as follows: (i) knowingly

10 access; (ii) without authorization; (iii) a protected computer; (iv)

11 with the intent to defraud; (v) by accessing the computer without

12 authorization, furthered the intended fraud; and (vi) by accessing

13 the computer without authorization, obtained anything of value.

14      18.   The maximum penalty for the computer intrusion and computer

15 fraud conspiracy charged in Count Two of the complaint is 5 years'

16 imprisonment, 3 years of supervised release, and a monetary fine of

17 $250,000, or twice the gross gain or gross loss of the offense. The

18 court also must impose a $100 special assessment.

19      19.   Counts Three and Four charge BUCHANAN with wire fraud in

20 violation of Title 18, United States Code, Section 1343. To satisfy

21 its burden of proof and convict BUCHANAN on Counts Three and Four of

22 the complaint, the Government must establish beyond a reasonable

23 doubt each of the following essential elements: (i) knowingly

24 participate in, devise, or intend to devise a scheme or plan to

25 defraud for the purpose of obtaining money or property by means of

26 false or fraudulent pretenses, representations, or promises; (ii)

27 statements made as part of the scheme were material (that is, they

28

had a natural tendency to influence, or were capable of influencing, a person to part with money or property); (iii) act with the intent to defraud (that is, the intent to deceive and cheat); and (iv) use, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

20. The maximum penalty for wire fraud charged in Counts Three and Four of the complaint is 20 years' imprisonment, 3 years of supervised release, and a monetary fine of $250,000, or twice the gross gain or gross loss of the offense. The court also must impose a $100 special assessment per count of conviction.

21. Count Five charges BUCHANAN with aggravated identity theft in violation of Title 18, United States Code, Section 1028A. To satisfy its burden of proof and convict BUCHANAN on Count Five of the complaint, the Government must establish beyond a reasonable doubt each of the following essential elements: (i) knowingly transfer, possess, or use without legal authority a means of identification of another person; (ii) know that the means of identification belongs to a real person; and (iii) do so during and in relation to a conspiracy to commit wire fraud. A means of identification is used "during and in relation to" a crime when the means of identification is used in a manner that is fraudulent or deceptive and is at the crux of what makes the conduct criminal.

22. The maximum penalty for aggravated identity theft charged in Count Five of the complaint is 2 years' imprisonment, 1 year of supervised release, and a monetary fine of $250,000, or twice the gross gain or gross loss of the offense. The mandatory minimum penalty is 2 years' imprisonment and must run consecutively to any

1  other term of imprisonment imposed for any other crime of conviction.
2  The court also must impose a $100 special assessment.

3      23.  BUCHANAN has not been tried or convicted of the offenses
4  charged in the complaint, nor has he been sentenced to serve any term
5  of imprisonment in connection with those charges.

## SUMMARY OF THE CASE

7      24.  Beginning no later than June 2022 through at least December
8  2022, in the Central District of California and elsewhere, Tyler
9  Robert BUCHANAN and his co-conspirators worked together and sent
10 phishing messages to employees of companies located across the U.S.,
11 including employees located in the Central District of California.
12 BUCHANAN and his co-conspirators sent phishing messages to the
13 employees' mobile phones, saying that their accounts were about to be
14 deactivated and instructing them to go to a phishing website that was
15 designed to appear legitimate.  The phishing websites, however, were
16 not associated with any legitimate company and were controlled by
17 BUCHANAN and his co-conspirators.  Some employees went to the
18 phishing website, entered their company credentials, and then
19 authenticated their identities using a two-factor authentication
20 request sent to their mobile phones.

21     25.  BUCHANAN and his co-conspirators registered and managed
22 numerous phishing website domain names, which often contained the
23 victim company's name, to target over 45 companies based in the U.S.,
24 Canada, United Kingdom, and other countries.  The information that
25 victims entered through the phishing websites was sent to platforms
26 controlled by BUCHANAN and his co-conspirators, including a specific

27

28

1  channel on Telegram, an encrypted messaging platform, which was
2  controlled by one of BUCHANAN's co-conspirators.

3       26.  BUCHANAN was the organizer and leader of the group and was
4  responsible for communicating and coordinating with his co-
5  conspirators.  BUCHANAN obtained from one of his co-conspirators at
6  least one phishing kit, a collection of software tools that make it
7  easier to launch a phishing attack and capture information coming
8  into the phishing websites.  BUCHANAN created and accessed accounts
9  used to register phishing website domain names and visited the
10 management consoles for multiple phishing websites.

11      27.  BUCHANAN and his co-conspirators used the credentials that
12 they stole through the phishing scheme for the purpose of logging in
13 and accessing victim companies' computer systems.  BUCHANAN and his
14 co-conspirators accessed the victim companies' computer systems and
15 stole sensitive company information.  The customer database of a
16 large U.S. telecommunication company as well as customer information
17 of a cryptocurrency exchange were found on BUCHANAN's digital
18 devices.

19      28.  BUCHANAN and his co-conspirators used the information that
20 they stole from the victim companies to commit further fraud,
21 including by logging into the cryptocurrency accounts or wallets of
22 individual victims and stealing cryptocurrency, such as Bitcoin and
23 Ether, that was worth millions of U.S. dollars at the time of the
24 crimes.  BUCHANAN would identify the targeted victims and send to one
25 of his co-conspirators the personal information of the victims, such
26 as name, email address, or phone number, and both of them would
27 receive a portion of the stolen funds.

28

1    29.  I have attached to this affidavit, as **Exhibit D**, the

2  affidavit of Jeremy Durk, Special Agent with the FBI, which further

3  sets forth the evidence against BUCHANAN and provides information

4  concerning his identification.

5    30.  Both of our affidavits were sworn before a Magistrate Judge

6  for the Central District of California who is duly and legally

7  authorized to administer an oath for this purpose.

8    31.  I have thoroughly reviewed the affidavit of Special Agent

9  Durk and the evidence in this case and attest that this evidence is

10 sufficient to justify the commitment for trial of Tyler Robert

11 BUCHANAN for the offenses for which his extradition is sought.

12

13 Dated: Los Angeles, California

14

15

16                                        SUE J. BAI
17                                        Assistant United States Attorney

18

19    Sworn before me and subscribed in my presence this 21st day of

20 June, 2024.

21

22                                        THE HONORABLE ALKA SAGAR
                                          United States Magistrate Judge
23                                        U.S. District Court for the
                                          Central District of California

24

25

26

27

28

                                   11

**LIST OF EXHIBITS**

Exhibit A: Complaint and Affidavit of FBI Special Agent Jeremy Durk in Support of Arrest Warrant filed on 25 May 2024

Exhibit B: Arrest Warrant issued on 25 May 2024

Exhibit C: Relevant Statutes

Exhibit D: Affidavit of FBI Special Agent Jeremy Durk

Exhibit A

AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

**5/25/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ vv _____ , DEPUTY

United States of America

v.

Tyler Robert Buchanan,

Defendant(s)

Case No.   2:24-mj-03081-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning no later than June 2022 to at least December 2022, in the County of Los Angeles in the Central

District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1349 | Wire Fraud Conspiracy |
| 18 U.S.C. § 371 | Conspiracy |
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. §1028A | Aggravated Identity Theft |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

I hereby attest and certify on 5/25/24
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____
DEPUTY CLERK

1193

MARIA ROBLES VAZQUEZ

/s/
*Complainant's signature*

Jeremy Durk, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   5/25/2024

_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Margo A. Rocconi, U.S. Magistrate Judge
*Printed name and title*

AUSA: Sue J. Bai, x2130

Exhibit B

Case 2:24-mj-03081-DUTY *SEALED* Document 5 Filed 06/21/24 Page 16 of 22 Page ID #:50
Case 2:24-mj-03081-DUTY *SEALED* Document 2 *SEALED* Filed 05/25/24 Page 1 of 2
Page ID #:26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | **WARRANT FOR** |
|---|---|
| PLAINTIFF, | **ARREST** |
| v. | |
| TYLER ROBERT BUCHANAN, | ON COMPLAINT |
| DEFENDANT(S) | CASE NO.: 2:24-mj-03081-DUTY |

To:    UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **TYLER ROBERT BUCHANAN** and

bring him/her forthwith to the nearest Magistrate Judge to answer a complaint charging

him/her with Wire Fraud Conspiracy, Conspiracy, Wire Fraud, and Aggravated Identity

Theft, in violation of Title 18, United States Code, Sections 1349, 371, 1343, and 1028A.

REC: BY AUSA Sue J. Bai, x2130 [Detention]

5/25/2024

Date

I hereby attest and certify on 10-20-24
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

MARIA ROBLES VAZQUEZ

HONORABLE MARGO A. ROCCONI

Signature of Magistrate Judge

1193

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at (location):

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO

Case 2:24-mj-03081-DUTY *SEALED* Document 5 Filed 06/21/24 Page 17 of 22 Page ID #:51
Case 2:24-mj-03081-DUTY *SEALED* Document 2 *SEALED* Filed 05/23/24 Page 2 of 2
Page ID #:27

# ADDITIONAL DEFENDANT INFORMATION

| RACE: | SEX: | HEIGHT: | WEIGHT: | HAIR: | EYES: | OTHER: | |
|---|---|---|---|---|---|---|---|

| DATE OF BIRTH:<br><br>3/24/2002 | | PLACE OF BIRTH: | | SOCIAL SECURITY NO.: | | DRIVER'S LICENSE<br><br>NO. | ISSUING<br><br>STATE |
|---|---|---|---|---|---|---|---|

| ALIASES: | SCARS, TATTOOS OR OTHER DISTINGUISHING MARKS: |
|---|---|

| AUTO YEAR: | AUTO MAKE: | AUTO MODEL: | AUTO COLOR: | AUTO LICENSE NO.: | ISSUING<br><br>STATE |
|---|---|---|---|---|---|

| LAST KNOWN RESIDENCE: | LAST KNOWN EMPLOYMENT: |
|---|---|

**FBI NUMBER:**

**ADDITIONAL INFORMATION:**

| INVESTIGATIVE AGENCY NAME:<br><br>FBI | INVESTIGATIVE AGENCY ADDRESS: |
|---|---|

**NOTES:**

Exhibit C

# EXHIBIT C

## Charges

Title 18, United States Code, Section 371 – Conspiracy to Commit Offense or to Defraud United States

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both . . . .

Title 18, United States Code, Section 1028A – Aggravated Identity Theft

(a) Offenses.—

    (1) In General.—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

(b) Definition.—For purposes of this section, the term "felony violated enumerated in subsection (c)" means any offense that is a felony violation of— . . .

    (5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud) . . . .

Title 18, United States Code, Section 1030 – Fraud and Related Activity in Connection With Computers

(a) Whoever— . . .

    (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . .

        (C) information from any protected computer . . .

    (4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value. . .

1

shall be punished as provided in subsection (c) of this section.

(c)  The punishment for an offense under subsection (a) or (b) of this section is— . . .

    (2)  . . .
        (B) a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under this subparagraph, if—

            (i) the offense was committed for purposes of commercial advantage or private financial gain; . . .

    (3)
        (A) a fine under this title or imprisonment for not more than five years, or both, in the case of an offense under subsection (a)(4) . . . of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

Title 18, United States Code, Section 1343 – Fraud by Wire, Radio, or Television

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Title 18, United States Code, Section 1349 – Attempt and conspiracy

Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

2

## Statute of Limitations

Title 18, United States Code, Section 3282 – Offenses not Capital

(a)   Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Exhibit D